■ In the Matter of the Claim of MARIE FROMER, Appellant, against STERN BROTHERS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant appeals from a decision disallowing a claim. The board has found: "The weight of the credible and probative evidence fails to support a finding of an industrial accident or of causal relation between the disability, the death and the incident of December 1, 1955." On December 1, 1955 decedent was found unconscious in the men's room of his employer's department store. A coemployee who first discovered decedent testified that he found him slumped in an unnatural position on a toilet seat, with his head leaning against the partition of the booth. When help arrived he was in a prone position on the floor. Eventually a brain operation was performed on March 30, 1956. The operative finding was a softening of the left temporal lobe of the brain of undetermined etiology. No evidence of trauma or old blood clots was found. The operating surgeon testified in substance that trauma had nothing to do with decedent's death; that decedent probably fainted and that a pathological lesion in the brain was the cause of death. There was other medical testimony that decedent suffered a vascular insult in his brain prior to going to the men's room and prior to the time that he slumped to the floor. This record presents nothing but a pure question of fact with ample evidence to sustain the board's decision. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of EUGENE ZICHERMAN, Respondent, against ANN ZICHERMAN, Doing Business as PETIT FOUR COOKIE SHOP, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the appellant carrier from an award of compensation for reduced earnings. Claimant, a baker, worked for the employer, his wife, on or before January, 1954 to the date of the accident, May 26, 1954, thereafter returning to work in September, 1954 and receiving partial disability benefits until August, 1956. Prior to this employment he worked as a baker for a partnership, he being one of the partners. He had always been a baker. He testified that while working for the "employer" he received $50 a week plus a bonus — paid after date of accident — bringing his weekly wages to approximately $80. The board found that "claimant's earnings for a year prior to the accident does not represent a substantial portion of a year, and the Board holds that claimant's average weekly wage should be figured in accordance with the provisions of Section 14, subdivision 2 of the Workmen's Compensation Law" (based upon wages of employees in same or similar employment). This permitted the introduction of testimony aside from actual earnings which resulted in the board finding that the average weekly wage of claimant was $102. Subdivision 1 of section 14: "If * * * worked in the employment" in which he was working "at the time of the accident * * * during substantially the whole of the year", actual earnings being the basis of reduced earnings. From a review of the record we feel the board erred in its interpretation of the statute. There is no dispute that claimant worked in the same employment for a year prior as a baker, even though part of it he might have been working for a partnership of which he was a member and that $50 — certainly $80 — was fair compensation sufficient to justify and satisfy the mandate of subdivision 1 of section 14. The norm of the law is to see that a claimant is properly compensated. It is not to be interpreted in an unjustifiable or unreasonable manner or as an economic windfall. Award and decision reversed and matter remitted, with costs to the appellant against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ. concur.